Margaret Hankinson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*John R. Rellick,* for petitioner.

*Jason Manne,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, January 26, 1981:

This is an appeal by Margaret Hankinson (Petitioner) from an order of the Department of Public Welfare (DPW) dated February 5, 1980, that discontinued Aid to Families of Dependent Children Assistance (AFDC) for Petitioner's two minor children and continued medical assistance for them. Petitioner appeals the denial of AFDC only.

The facts of this case are not in dispute. The Petitioner lives with her husband, her two minor children from a former marriage and a minor child of her husband. The Petitioner's husband is neither the natural nor adoptive father of the Petitioner's two children. Only the Petitioner's two children received AFDC and medical assistance. In September 1979 the Petitioner and her husband jointly purchased a mobile home. On October 14, 1979, the Petitioner notified the Erie County Assistance Office (CAO) that she and her husband had moved into a mobile home they were purchasing. The CAO requested the Petitioner to sign a reimbursement agreement to encumber her mobile home. The Petitioner refused. She claimed that her husband refused to allow such an encumbrance because the mobile home was owned as tenants by the entireties and that he was not legally responsible to support the Petitioner's two children.

Because of the Petitioner's refusal to sign a reimbursement agreement, the CAO notified the Petitioner that AFDC and medical assistance benefits for her children would be terminated on November 11, 1979. The Petitioner appealed and requested a hearing. Subsequent to the filing of that appeal but prior to the hearing, the CAO rescinded its prior notification of denial of benefits and told the Petitioner that it was not necessary for her to sign the reimbursement form. At the same time, the Petitioner was advised that she would be required to supply information necessary to encumber the mobile home. She was also told that the CAO pursuant to DPW regulations[1] would then refer this information to DPW's Bureau of Claim Settlement (BCS) whereupon BCS would make a determination of whether the mobile home *could* be encumbered. The Petitioner informed the CAO that she would not supply the requested information. The CAO then notified the Petitioner that AFDC and medical assistance would be terminated *for refusal to supply the requested information*. The Petitioner again appealed. A fair hearing was held on January 10, 1980. The parties agreed that the issue before them was whether the CAO had correctly proposed to discontinue AFDC and medical assistance because the appellant refused to allow her mobile home to be encumbered. The Hearing Examiner held that the Petitioner's two children were eligible for medical assistance but were ineligible for AFDC due to Petitioner's failure to acknowledge the liability of the trailer home for reimbursement. The Petitioner appealed to this Court.

Our scope of review of a DPW decision is limited to a determination of whether the adjudication was in accordance with the law, whether constitutional rights were violated and whether all the necessary findings of

---

[1] 55 Pa. Code §257.23

fact were supported by substantial evidence. *Orner v. Department of Public Welfare*, 44 Pa. Commonwealth Ct. 635, 404 A.2d 452 (1979).

The parties raise two bases for discontinuance of AFDC assistance before this Court. The Petitioner argues that DPW cannot encumber a mobile home that is being purchased by her and her husband, a man who is not legally responsible to support her children and that DPW erred in discontinuing the AFDC assistance because she refused to permit the encumbrance. The DPW, on the other hand, contends that AFDC assistance was discontinued because the Petitioner failed to cooperate with the DPW and furnish relevant information to the CAO so that a proper determination of whether the mobile home could or should be encumbered could be made by the BCS.

Since the Petitioner failed to provide information to DPW, DPW *could not*, and, in fact, *has not* made a determination that an encumbrance can be placed on the Petitioner's mobile home. Whether or not the mobile home could be encumbered, therefore, was not the proper issue at the hearing held by the examiner. It follows that the examiner erred when he proceeded to determine that issue.

The result that AFDC assistance was denied and medical assistance was continued, however, is not necessarily wrong. This Court can sustain this result if there are findings of fact based upon substantial evidence that support a reduction or termination of benefits. Our Supreme Court has held that

> where a court makes a correct ruling, order, decision, judgment or decree, but assigns an erroneous reason for its action, an Appellate Court will affirm the action of the court below and assign .the proper reason therefor.... This approach, however, is only appropriate where the correct basis for the ruling, order, decision,

judgment or decree is clear upon the record. (Citations omitted.)

*Bearoff v. Bearoff Brothers, Inc.,* 458 Pa. 494, 501, 327 A.2d 72, 76 (1974). We hold that the same rule of law applies when, as here, an administrative agency assigns an erroneous reason to a correct decision and the record clearly shows the correct basis for that decision.

The law is clear that recipients of assistance must report information concerning changes in circumstances which may affect the amount of the grant. Section 432.14 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of July 9, 1976, P.L. 993, *as amended,* 62 P.S. §432.14. It is equally clear that in order to receive AFDC the recipient must meet all of the appropriate eligibility conditions and procedures set forth in DPW's Public Assistance Manual, 55 Pa. Code §141.41a. Included in these conditions is the reporting of information concerning resources available to the recipient. 55 Pa. Code §177 *et seq.* The Petitioner's mobile home is one possible resource which may bear on her eligibility. The Petitioners admitted and the Hearing Examiner made a finding of fact that she refused to supply any information to DPW regarding the mobile home. Failure to supply all of the information needed by DPW to determine the effect of the ownership of the mobile home on the Petitioner's eligibility would properly result in the denial or reduction of benefits. A remand under the facts of this case is unnecessary since the findings of fact necessary to support the order have been made and were based upon substantial evidence.

It should be noted that our decision to affirm the reduction in benefits does not mean that the Petitioner may not again receive AFDC. She need only submit the requested information to DPW so that a proper

decision may be made as to the continuing eligibility of the Petitioner to receive benefits in light of the change in circumstances. If that decision is adverse to her, she may then appeal to this Court and we will adjudicate the issue improperly raised by this appeal.

We affirm the decision of the DPW.

ORDER

AND NOW, this 26th day of January, 1981, the decision of the Department of Public Welfare Case No. 99187-C dated February 15, 1980, denying AFDC benefits to Margaret Hankinson is affirmed.