## Divine Providence Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 12, 1983, before Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*O. William Vanderlin, McNerney, Page, Vanderlin & Hall,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 5, 1983:

Divine Providence Hospital appeals from an order of the Office of Hearings and Appeals of the Pennsylvania Department of Public Welfare (DPW), sustaining DPW's motion to dismiss the hospital's appeal from an audit report and settlement.

The hospital provides nursing care services pursuant to the Pennsylvania Medical Assistance Program.[1] At the close of each fiscal year, DPW conducts an audit of the hospital, and based on that audit, DPW reimburses the hospital for certain specified allowable costs.

On June 11, 1981, DPW sent the hospital a copy of the audit report for the fiscal year ending June 30, 1980, and included a notice that the hospital must file any appeal within thirty days of the letter's date. On July 14, 1981, DPW sent a second letter to the hospital, modifying the audit findings; that letter also included a notice that the hospital must appeal within thirty days.

The hospital filed an appeal with DPW on September 3, 1981, and the Director of the Office of Hearings and Appeals adopted the recommendation of the hearing officer to sustain DPW's motion to dismiss the appeal as untimely filed. The hospital argues here that: (1) the hearing officer improperly relied on 55 Pa. Code §275.4(h)(1), (2) DPW was estopped by its actions from asserting the thirty-day time limit, and (3) DPW waived the thirty-day period by delay in raising the issue.[2]

Following our scope of review for DPW adjudications,[3] we must reject the hospital's contentions and affirm.

---

[1] Pennsylvania's Medical Assistance Program is associated with the Federal Medicaid system, and DPW administers the program pursuant to section 201 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §201.

[2] The hospital also argued that DPW's motion to strike the petition for review should be denied; however, DPW has withdrawn that motion.

[3] We must affirm unless we find that the adjudication is in violation of constitutional rights, is not in accordance with law, is in violation of the agency's regulations or procedures, or that any

In his adjudication, the hearing officer sustained DPW's motion to dismiss the appeal "in light of" 55 Pa. Code §275.4(h)(1)[4] and did not reach the merits of the hospital's arguments against the motion.

That section merely prohibits hearing officers from modifying or determining the validity of a departmental regulation. The hearing officer should have considered the merits of the hospital's position in accordance with relevant legal principles.

Although we agree with the hospital's first contention, we must affirm the decision if it is correct for any reason clear upon the record, regardless of the grounds on which the hearing officer relied;[5] therefore, we continue with our review.

The hospital next contends that DPW is estopped from raising the bar of the time period because its auditors misrepresented that certain items were included in one of the entries in the audit,[6] and the hospital reasonably relied on that misrepresentation in not filing its appeal within thirty days. In fact, departmental regulations provided that DPW would reimburse for the contested items on a separate basis.[7]

"The elements of estoppel are: (1) misleading words, conduct, or silence by the party against whom

---

necessary finding of fact is not supported by substantial evidence. 2 Pa. C. S. §704.

[4] 55 Pa. Code §275.4(h)(1)(iv) provides:

Hearing officers may not render a decision on the validity of a departmental regulation nor may they invalidate or modify a departmental regulation. Hearing officers must, when necessary, interpret regulations when regulations are ambiguous. . . .

[5] *Hankinson v. Department of Public Welfare*, 56 Pa. Commonwealth Ct. 307, 424 A.2d 625 (1981).

[6] Specifically, the auditors said that the reimbursement for interest and depreciation had been included in the per diem net operating costs reimbursement, when that was not, in fact, true.

[7] 55 Pa. Code §§9424, 9425.

the estoppel is asserted; (2) unambiguous proof of reasonable reliance on the misrepresentation by the party seeking to assert the estoppel; (3) no duty of inquiry on the party seeking to assert the estoppel.'' *Livingston v. Livingston,* 275 Pa. Superior Ct. 285, 292, 418 A.2d 724, 728 (1980).

The cases have firmly established that ''an estoppel may be claimed by one who has acted in ignorance of the true state of facts and who was without means of informing himself of their existence.'' *Livingston,* 275 Pa. Superior Ct. at 293, 418 A.2d at 728. Therefore, if both parties know the truth, or have equal access to the truth, there can be no estoppel.[8]

The hospital does not dispute that it received the audit report in June, 1981, but contends that it relied on the auditors' misrepresentations and did not discover the grounds for appeal until August, when the hospital's accountants were reviewing the report.

Because the hospital was in possession of the audit report and because the health care provider is charged with knowledge of the applicable DPW regulations, we conclude that the hospital could not establish reasonable reliance upon DPW's auditors' statements.

With respect to the hospital's final contention, that DPW waived the right to raise the bar of the thirty-day period, we need only note that the filing of a timely appeal is a jurisdictional issue, which a party may raise at any time. *International Ladies' Garment Workers' Union, Local Union No. 111 v. Human Relations Commission of the City of Allentown,* 53 Pa. Commonwealth Ct. 229, 417 A.2d 1279 (1980).

Accordingly, we affirm.

---

[8] *Livingston v. Livingston,* 275 Pa. Superior Ct. 285, 418 A.2d 724 (1980) ; *Ham v. Gouge,* 214 Pa. Superior Ct. 423, 257 A.2d 650 (1969).

ORDER

Now, August 5, 1983, the order of the Office of Hearings and Appeals of the Pennsylvania Department of Public Welfare, No. 23-81-232, dated March 8, 1982, is affirmed.

DISSENTING OPINION BY JUDGE DOYLE:

I must dissent. I believe the hospital could have and did place reasonable reliance on the statements of the Department of Public Welfare's auditors to their prejudice. This area of fiscal accounting is terribly complicated and the majority opinion would have the effect of imposing a duty on the health care providers to audit the work of the auditors.