512 A.2d 1363

Orman C. House, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 12, 1986, to Judges MAC-PHAIL and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Kimber L. Latsha, Killian & Gephart,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, August 6, 1986:

Before this Court is an appeal by Orman House (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits on the grounds that Claimant, as a member of the United States Army Reserve, received remuneration for inactive duty training sessions in excess of his weekly benefit rate plus partial benefit credit.

Claimant was laid off from his employment at the Tioga Printing Corporation on July 20, 1984, due to a lack of work. Claimant filed an application for benefits effective July 22, 1984, establishing a weekly benefit rate of $116.00 and a partial benefit credit of $47.00. As a member of the United States Army Reserve, Claimant receives $92.13 for each inactive duty training (IDT) drill he attends. During the compensable week ending August 4, 1984, Claimant attended two IDT drills and received $184.26.

The Office of Employment Security (OES) issued a determination on August 9, 1984, denying Claimant benefits for the claim week ending August 4, 1984. The OES deducted the $184.26 from Claimant's weekly benefits on the basis of Sections 401 and 4(u) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§801 and 753(u). Claimant filed a timely appeal from this determination, and after a hearing, a referee held that Claimant's Army Reserve pay was properly deducted from his weekly benefit rate. Claimant appealed the referee's decision to the Board, which affirmed. The instant appeal followed.

Claimant argues that he did not receive remuneration because IDT does not constitute "employment" as defined in the Law. Claimant also argues that treating

IDT as employment is contrary to federal law. In addition, Claimant argues that the exclusion from the definition of employment services performed by members of the Pennsylvania National Guard and not comparable services performed by members of the United States Army Reserve violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

We hold that whether participation in the IDT drill service is "employment" under the Law is not determinative of the issue before us. Section 404(d) of the Law, 43 P.S. §804(d) provides in pertinent part:

> Notwithstanding any other provisions of this Section each eligible employe who is unemployed with respect to any week ending subsequent to July 1, 1980 shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of (i) the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit. . . .

The Law does not provide a definition for remuneration; therefore, we must give the term its common and approved meaning. *See* 1 Pa. C. S. §1903(a). Remuneration is defined in Webster's Third New International Dictionary 1921 (1966) as something that remunerates; "remunerate" is defined in part as "to pay an equivalent to (a person) for a service, loss or expense".

There can be no doubt that the money Claimant received from the United States government for the services he performed was "remuneration". Inasmuch as remuneration as used in Section 404(d) is not restricted to any particular source and the money paid to Claimant is remuneration, we are compelled to hold that the determination made by OES that the $184.26 received by

Claimant by virtue of service performed for the United States government be deducted from Claimant's weekly benefit, is correct.

Order affirmed.[1]

ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge COLINS dissents.

---

[1] Although the Board erroneously utilized Sections 4(u) and 401 of the Law as authority for its action rather than Section 404(d), we will affirm the correct decision reached by OES since the record clearly shows the correct basis for that decision. *Hankinson v. Department of Public Welfare*, 56 Pa. Commonwealth Ct. 307, 424 A.2d 625 (1981).