514 A.2d 993

Esther P. Goughenour, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs June 13, 1986, to Judges MAC-PHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*John F. Hooper, Meyer, Unkovic & Scott,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondent.

OPINION BY JUDGE COLINS, September 9, 1986:

Esther P. Goughenour (petitioner) here appeals the denial of medical assistance benefits to her by the Pennsylvania Department of Public Welfare (DPW). The petitioner initially applied for medical assistance benefits on March 20, 1984. These benefits were initially approved; however, DPW subsequently learned that the petitioner had transferred assets prior to her application for medical assistance, and consequently disapproved such benefits. This denial was appealed and a hearing was held on March 4, 1985, before a Hearing Examiner for DPW. On March 25, 1985, the Hearing Examiner entered an order denying the appeal. This order was affirmed by the Office of Hearing and Appeals on March 29, 1985. This appeal followed.

The issue before this Court is whether the petitioner was entitled to medical assistance benefits. Our scope of review of a DPW decision is limited to a determination of whether the adjudication was in accordance with the law, whether constitutional rights were violated and whether all the necessary findings of fact were supported by substantial evidence. *Hankinson v. Department of Public Welfare,* 56 Pa. Commonwealth Ct. 307, 424 A.2d 625 (1981).

The General Assembly provided the following criteria for eligibility for medical assistance.

> Medical assistance shall not be granted to or in behalf of any person who disposed of his real or personal property, of the value of five hundred dollars ($500), or more, without fair consideration, within two years immediately preceding the date of application for medical assistance unless he is eligible for State supplemental assistance or unless he can clearly show that the transfer was not primarily for the purpose of acquiring or retaining eligibility for assistance.

Section 441.2 of the Public Welfare Code (Code), Act of July 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of July 15, 1976, P.L. 993, 62 P.S. §441.2. It is thus clear that an applicant for medical assistance has the burden of showing that any transfer of property was not *primarily* for the purpose of acquiring or retaining eligibility for such assistance. It is implicit in Section 441.2 of the Code that such transfer may be partially for the purpose of acquiring medical assistance. The pertinent regulation provides:

> (1) *Resources disposed of before application.* A person who disposes of real or personal property having a value of $500 or more without fair consideration within two years immediately preceding the date of application for assistance, will be ineligible to receive assistance if he disposed of such property with the intention of defrauding the Commonwealth. 'Intention of defrauding the Commonwealth' will mean that the dominant or overriding purpose of the transaction was either to circumvent liability which would have been imposed on the property or to qualify for a cash grant. The following provisions

will apply to resources disposed of before application:

(i) Determining fair consideration. In determining fair consideration, the following guidelines will be followed:

. . . .

(B) In the event the applicant did not receive the approximate net market value of his property, there must be an evaluation to determine if the person transferred the property with the intention of defrauding the Commonwealth. Therefore, the circumstances under which the transfer was made will be reviewed in light of the following criteria:

(I) The age, education, health and financial condition of the individual at the time of the transfer, as illustrated by the following examples:

(-a-) An elderly person may transfer a property to a child in order to avoid the payment of the inheritance tax. Later, for reasons not related to the transfer, he finds it necessary to apply for assistance.

55 Pa. Code §177.23(b). It is clear from the regulations that a transfer of property may be made to avoid the payment of inheritance tax. Petitioner's sole witness, her son-in-law, testified that petitioner's lawyer and accountant advised that portions of her money market account be transferred to her grandchildren in order to avoid inheritance taxes.[1] Furthermore, the record shows that the petitioner, although ill, was in reasonably good health when she was first admitted to the Baptist Home in early November of 1983. In fact, she was admitted to

---

[1] The petitioner died during the pendency of the proceedings on September 3, 1984, and, therefore, could not testify in her own behalf.

a residential unit where she was responsible for her own care. Her condition declined rapidly following her admittance and on December 5, 1983, she was transferred to the skilled care unit of the Baptist Home. She was diagnosed as suffering from senile dementia and possibly Alzheimer's disease. Her sudden deterioration after entering the Baptist Home was unforeseen.

Prior to her admission to the Baptist Home, the petitioner had approximately $39,000 in a money market account. On November 9, 1983, $30,000 was withdrawn from this account and three $10,000 certificates of deposit were issued to the petitioner's grandchildren. On November 21, 1983, $3,000 was withdrawn from this account and entered into petitioner's daughter's savings account. DPW concluded that the short period of time between the transfer of assets and the application for medical assistance clearly showed that the dominant or overriding purpose of the transfer was to reduce petitioner's assets in order to enable her to qualify for medical assistance, and thus defraud the Commonwealth. Petitioner argues that her reasonably good health, and advice from both a lawyer and an accountant to transfer funds in order to avoid inheritance tax, evince the opposite intent.

However, we need not address the issue of petitioner's intent. The General Assembly has provided a special participation requirement for medical assistance recipients. This requirement is as follows:

(a) Any person applying for medical assistance benefits shall certify to the department that he or she has not transferred title to or ownership interests in any real or personal property to any third person or party within the two years immediately preceding such application; if such a transfer has occurred, the recipient must disclose the nature of the transfer and must demon-

strate that it involves, a bona fide arm's length transaction resulting in compensation paid to the transferor in an amount equal to or greater than the fair market value of the property as determined by the department.

Section 1404(a) of the Code, added by Section 3 of the Act of July 10, 1980, P.L. 493, 62 P.S. §1404(a). It is clear that Section 1404(a) of the Code is inconsistent with Section 441.2 of the Code. It is equally clear that the two sections are irreconcilable. Section 441.2 of the Code permits the transfer of the property without fair consideration; however, Section 1404(a) requires evidence of an arm's length transaction. Statutes must be construed to afford that every provision must be given effect. *Zimmerman v. O'Bannon,* 497 Pa. 551, 442 A.2d 674 (1982). When two statutes cannot have concurrent operation, then an irreconcilable inconsistency has been found. *Cedarbrook Realty, Inc. v. Nahill,* 484 Pa. 441, 399 A.2d 374 (1979). "Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail." Section 1936 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1936. Petitioner admits that no arm's length transaction took place in the instant matter. Therefore, under Section 1404 of the Code, the petitioner is not eligible for medical assistance benefits. Where, as here, an administrative agency assigns an erroneous reason to a correct decision, and the record clearly shows the correct basis for that decision, this Court can sustain the result. *Hankinson.*

The order of the Department is affirmed.

## ORDER

AND NOW, September 9, 1986, the order of the Pennsylvania Department of Public Welfare, No. 020684149, dated March 25, 1985, is hereby affirmed.