528 A.2d 1084

Bernard Groblewski, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs April 23, 1987, to Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*John G. Swatkoski, Meyer and Swatkoski,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, July 29, 1987:

Bernard Groblewski (Petitioner) appeals a determination of the Department of Public Welfare (DPW) denying him medical assistance benefits. Petitioner applied for medical assistance benefits for nursing home care on March 8, 1984, and was found ineligible by the county assistance office (CAO). Petitioner appealed from this initial denial and after a hearing the DPW's hearing examiner reversed and found him eligible for benefits. DPW's Office of Hearings and Appeals reversed the decision of the hearing examiner and this appeal followed.

Petitioner and his wife had resided with their son and daughter-in-law for approximately twelve years prior to his application for medical assistance.[1] Petitioner's son testified that during this time he and his wife had provided his parents with housekeeping services and that his parents did not contribute to the household

---

[1] At the hearing, Petitioner's son testified that his father was approximately ninety four or ninety five years old. Notes of testimony from July 24, 1984, hearing (N.T.) at 4-5.

expenses. Petitioner's son also testified that he is a doctor and has provided his father with free medical care, although his father maintained his own medical insurance coverage.[2]

Petitioner and his wife had $10,201.82 in a joint checking account on February 17, 1984. On that date $9,000.00 was withdrawn from this account and deposited in the son's name. Petitioner also had a joint account with his son which had a balance of $6,742.54 on February 21, 1984. On that date, the funds in this account were also withdrawn and deposited in the son's name alone.

On rejecting Petitioner's application, the CAO determined that the transfer of funds was for less than fair consideration, raising a presumption that the transfer was made with intent to defraud the Commonwealth. The hearing examiner found that the presumption was rebutted. Therefore, the transferred funds were available for Petitioner's nursing home care.[3]

Petitioner contends on appeal that the transfer of funds was for fair consideration and without any intent to defraud the Commonwealth. Our scope of review is limited to a determination of whether the adjudication was in accordance with law, whether any constitutional rights were violated, and whether all the necessary findings of fact were supported by substantial evidence. *Hankinson v. Department of Public Welfare*, 56 Pa. Commonwealth Ct. 307, 424 A.2d 625 (1981).

An applicant for medical assistance benefits who, within the two years preceding the date of application,

---

[2] N.T. at 6.

[3] DPW determined that Petitioner had one-half of the total resources available to him which amounted to $8,471.67. A $1,500.00 exemption for nursing home care, 55 Pa. Code §177.83(b)(2)(v), was subtracted from this amount, leaving Petitioner with available resources of $6,971.67.

has transferred property worth $500.00 or more without fair consideration, must clearly show that the transfer was not primarily for the purpose of acquiring eligibility. Section 441.2 of the Public Welfare Code, (Code), Act of June 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of July 15, 1976, P.L. 993, 62 P.S. §441.2. The pertinent regulation provides that, in determining "fair consideration",

(c) [i]f the circumstances surrounding the transfer appear suspicious, for example, the value received for the property is disproportionately small as compared with the net market value of the property transferred, *or the period of time between the transfer of property and application for assistance is relatively short,* or information at the time of application raises questions as to the good faith of the applicant at the time the property was transferred, the applicant shall be responsible for presenting information to substantiate that he did act in good faith with no intent to defraud the Commonwealth.

55 Pa. Code §177.83(g)(3)(i)(C) (emphasis added).

Here, the property was transferred a mere two to three weeks prior to the date of application, after Petitioner had been hospitalized.

Petitioner did not testify at the hearing. The hearing examiner found that Petitioner had previously stated that it was his intention to give his savings to his daughter-in-law for the care and attention she had given him. This finding was based on the hearsay testimony of Petitioner's son. We have held that hearsay admitted without objection may support a finding only if it is corroborated by competent record evidence. *Burks v. Department of Public Welfare,* 48 Pa. Commonwealth Ct. 6, 408 A.2d 912 (1979). There is no evidence in the record to support the son's hearsay testimony of Petitioner's

intent and therefore such finding is not supported by substantial evidence.

In light of our decision in *Goughenour v. Department of Public Welfare,* 100 Pa. Commonwealth Ct. 401, 514 A.2d 993 (1986), this case need not turn on Petitioner's intent. In *Goughenour* we held that Section 441.2 of the Code and Section 1404(a) of the Code[4] were irreconcilable and that Section 1404(a) must prevail since it was enacted after Section 441.2.[5]

Section 1404(a) of the Code provides that any medical assistance applicant who has transferred property within the two years immediately preceding the application, "must disclose the nature of the transfer and must demonstrate that it involves, a bona fide arm's length transaction resulting in compensation paid to the transferor in an amount equal to or greater than the fair market value of the property as determined by the department."

There is no evidence that Petitioner's funds were transferred to his son as a result of a "bona fide arm's length transaction." The law presumes that services rendered by a child to a parent were either paid for at the time or gratuitous. *Griffith v. Department of Public Welfare,* 41 Pa. Commonwealth Ct. 613, 399 A.2d 1191 (1979). There is nothing to support a finding that the services which the son[6] rendered to Petitioner were equal to $8,471.67[7] or that they were conditioned upon

---

[4] Added by Section 3 of the Act of July 10, 1980, P.L. 493, 62 P.S. §1404(a).

[5] See Section 1936 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1936.

[6] We note that the record reflects that Petitioner's funds were withdrawn and deposited in the son's name rather than the daughter-in-law's.

[7] Petitioner must demonstrate that the services which his son rendered had a fair market value equal to or greater than the funds

payment. To the contrary and as found by DPW, the evidence suggests that the transfer, made shortly before the application for assistance and after Petitioner was hospitalized, was for the purpose of acquiring eligibility for medical assistance.

Accordingly, we affirm the order of DPW's Office of Hearings and Appeals.

## ORDER

AND NOW, this 29th day of July, 1987, the Order of the Pennsylvania Department of Public Welfare's Office of Hearings and Appeals in the above-captioned matter is hereby affirmed.

---

which were transferred. If this were not the case, a parent could simply value a child's services as equivalent to the amount of disqualifying funds, transfer those funds to the child and thus qualify for medical assistance. This is clearly prohibited by Section 1404(a) of the Code.