William **THAYER**, Appellant,

v.

## TAX CLAIM BUREAU OF BUCKS COUNTY and NBW Trust.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1997.

Decided Oct. 23, 1997.

---

Matthew R. Nahrang, Paoli, for appellant.

Jeffrey J. Lippincott, Langhorne, for appellee, Bucks County Tax Claim Bureau.

Ronald L. Clever, Allentown, for appellee, NBW Trust.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether the trial court erred in denying a taxpayer's petition to set aside a tax sale on the basis that the taxpayer had failed to meet his burden of proof.

William Thayer (Taxpayer) appeals from the order of the Court of Common Pleas of Bucks County (trial court) that denied Taxpayer's petition to set aside the tax sale of property he owned. We affirm.

Taxpayer owned three parcels of land in Bucks County, Pennsylvania. After becoming delinquent in the payment of his taxes, the parcels were scheduled to be sold by the Tax Claim Bureau (TCB) at a sheriff's sale in September 1995. The sale was postponed until November 13, 1995. Before the November planned sale, Taxpayer retained an attorney to file a petition to stay the November sale. On November 13, 1995, the trial judge entered an order staying the November sale until December 11, 1995. The order required Taxpayer to pay a certain amount immediately in exchange for which the upset sale would be postponed for one month until December 11, 1995. Taxpayer would have until that date to pay his back taxes, otherwise the failure to pay would result in the property being sold. Taxpayer did not pay his back taxes on December 11, 1995.

During the first week of December 1995, Petitioner's wife, Mrs. Thayer, called the TCB and spoke with an employee friend that erroneously informed Mrs. Thayer that an agreement had been entered into and, accordingly, the subject parcels would not be sold at the sheriff's sale on December 11, 1995. However, the parcels were sold, as scheduled, at the sheriff's sale on December 11, 1995.

Taxpayer sought to set aside that tax sale on the basis of equitable estoppel, claiming that the TCB employee misrepresented that an agreement had been entered into whereby the parcels would not be sold and he relied on this misrepresentation. While the trial court found that such a statement had been made and constituted a misrepresentation, it concluded that Taxpayer had not proven reliance on said statement, and more importantly, not justifiable and/or reasonable reliance. The trial court explained its reasons for not finding reasonable reliance, a necessary element to meet the burden of showing estoppel. The court noted that Taxpayer did not testify at the hearing even though he was present in the courtroom throughout the proceedings and that only Mrs. Thayer's deposition was entered into evidence. While the trial court noted that Mrs. Thayer's deposition could indicate her reliance, it was "not good enough." (Trial court opinion at 4.) Mrs. Thayer was not a party to the action and thus, her reliance was not the issue. The trial court concluded that there was no evidence that Taxpayer "actually relied on the misrepresentation and did not satisfy the ordinary elements of equitable estoppel." *Id.* The trial court added that even if Taxpayer had actually relied on the TCB employee's statement, that because Taxpayer was fully aware of the court's order, stating that the land would be sold on December 11, 1995 if the taxes were not paid, such reliance was certainly not reasonable because "if another agreement had been entered into, [Taxpayer] would certainly have been apprised of that matter as well. In order for there to be an agreement, [Taxpayer] would have had to have been one of the parties actually agreeing." *Id.* at 5.

On appeal to this Court,[1] Taxpayer argues that the trial court erred in denying

1. Our scope of review in a real estate tax assess-    ment appeal, where the trial court has heard the

the petition to set aside the tax sale because the parties had entered into agreements to stay the sale pursuant to Section 603 of the Real Estate Tax Sale Law, (Law) Act of July 7, 1947, P.L. 1368, 72 P.S. § 5860.603. However, Taxpayer never argued at trial that certain agreements existed between Taxpayer and the TCB and that such agreements contractually prevented TCB from selling Taxpayer's property at the tax sale.

Pa. R.C.P. 227.1(b) provides that post-trial relief may not be granted unless grounds were raised at the trial court level. The agreements referred to in this issue were never made part of the record at trial, and had they been introduced as evidence, the TCB asserts that they would have made major challenges to the alleged agreements. We have carefully reviewed the record before the trial court, and hold this issue was not raised at the trial level and thus, it has been waived.

Next, Taxpayer asserts that the trial court erred in relying solely on the doctrine of equitable estoppel and his failure to testify at trial in denying his request to set aside the tax sale.

■■■ "Estoppel is an equitable doctrine requiring innocent reliance by the person seeking the estoppel upon the conduct or representations of the adverse party." *Lockwood v. Millcreek Township Zoning Hearing Board*, 115 Pa.Cmwlth. 368, 540 A.2d 336 (1988). In this case claiming equitable estoppel, all the trial court had before it was Mrs. Thayer's testimony by deposition that her husband relied on the TCB employee's misinformation. Taxpayer asserts that the trial court improperly drew a negative inference because he was present throughout the hear-

ing he did not testify. Also, neither Taxpayer's wife nor the TCB employee were called upon to testify at the hearing. While the trial court opinion mentions Taxpayer's failure to testify, we note that a taxpayer, in such case, has the burden of proving the reasonableness of his reliance. *Albert v. Lehigh Coal & Navigation Co.*, 431 Pa. 600, 246 A.2d 840 (1968). The trial court held that relying solely on Mrs. Thayer's testimony to prove his reasonable reliance on the misinformation, Taxpayer failed to meet his burden.

■■■ Further, an additional requirement of "equitable estoppel" is that the party claiming reliance must be unable to inform himself of the true facts. *Divine Providence Hospital v. Department of Public Welfare*, 76 Pa. Cmwlth. 188, 463 A.2d 118 (1983). Because Taxpayer had the ability to inform himself of the true facts, we hold that Taxpayer did not meet his burden because he did not prove the elements required for a defense of equitable estoppel. Therefore, the trial court correctly denied Taxpayer's request to set aside the tax sale.

Accordingly, we affirm.

### ORDER

AND NOW, this 23rd day of October, 1997, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.

matter *de novo*, is to determine whether the court's decision is supported by substantial evidence, is in accordance with the law, or whether

the court abused its discretion. *Fosko v. Board of Assessment Appeals of Luzerne County*, 166 Pa.Cmwlth. 393, 646 A.2d 1275 (1994).