Elizabeth Dempsey, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*David G. Gates,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., August 16, 1979:

The narrow issue presented by this case is whether the Bucks County Board of Assistance (CAO) committed agency error in denying the request of Elizabeth Dempsey for a retroactive one-time grant of cash assistance benefits for herself and her minor daughter.[1]

In a case such as this where a petitioner is seeking a retroactive one-time grant of assistance, a finding

---

[1] Dempsey testified that she was separated from her husband in March, 1974.

of agency error is required before the hearing officer may authorize a retroactive payment. 55 Pa. Code §227.24(d)(1)(i)(C). The hearing officer affirmed CAO's denial of benefits and dismissed Dempsey's appeal because she failed to provide requested financial statement forms indicating the amount of income, if any, which was available to her from Legally Responsible Relatives (LRR). In this case the fact that Dempsey's parents provided her and her minor daughter with room and board triggered an inquiry from the CAO as to the parents' financial wherewithall. The financial resources of her parents were crucial to a determination of whether she was eligible to receive public assistance and, if so, how much. The duty upon relatives to aide their indigent kinfolk is found in Section 3(a) of The Support Law,[2] which states:

> The husband, wife, child (except as hereinafter provided), *father and mother* of every indigent person, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist such indigent person. . . . (Emphasis added.)

That language, coupled with the mandates of The Public Welfare Code (62 P.S. §101 et seq.) requires the Department of Public Welfare (DPW) to grant assistance only to those persons who are without sufficient resources to maintain themselves. One of the considerations relevant to DPW's inquiry into the potential resources available to persons applying for assistance is the legal responsibility of relatives whose income and contributions to the applicant must be explored before benefits are granted.

The record discloses that the hearing officer's decision was based solely upon Dempsey's failure to provide that financial information requested relative

---

[2] Act of June 24, 1937, P.L. 2045, *as amended*, 62 P.S. §1973.

to her parents' resources. Such data was required to assist in the initial determination of her eligibility. Upon a proper re-application to CAO, she and her daughter were awarded assistance benefits. Conceivably, had Dempsey's parents provided the data or had the CAO been informed that they refused to comply, further unimpeded exploration of the circumstances might have led to assistance authorization. But the regulations of public welfare and related programs require that DPW officials be completely informed so that they may make a proper determination of eligibility. We must not forget that the duty to demonstrate eligibility is on the claimant, *see* 55 Pa. Code §§125.21, 133.23, 201.1, 205.3. We agree with the hearing officer. Dempsey was properly declared ineligible for assistance.

One becomes eligible for public assistance ''subject to the rules, regulations, and standards established by the department, both as to eligibility for assistance and as to its nature and extent. . . .''[3] It is clear that Dempsey had to substantiate her eligibility and that if the evidence submitted was unacceptable, she would be declared ineligible for assistance.[4] It is apparent that Dempsey simply failed to carry her burden. When she initially applied and was told LRR forms would be sent out to her parents, she replied to the office worker that she knew her father would refuse to sign the form. Nothing further was said. Dempsey made no further contact with the CAO office for two and one-half years when she reapplied. This inaction constituted sufficient grounds for rejection of her application pursuant to a Code 63 (voluntary withdrawal

---

[3] Section 432 of The Public Welfare Code, 62 P.S. §432.

[4] DPW-PA Manual §3511.334. This provision is now found at 55 Pa. Code §125.21(a).

or *failure to keep appointment*[5] (emphasis added)). Further, we have been unable to find, and counsel has not provided us with, the authority, statute, or case that would give the CAO a duty to separately process the petitioner's minor daughter's eligibility claim since both claims were included in the one application.

Accordingly, we

ORDER

AND Now, this 16th day of August, 1979, the order of the Department of Public Welfare dated June 16, 1978, denying Elizabeth Dempsey's application for back monies due herself and her minor daughter is affirmed.

---

[5] Rather than describing the applicant's denial of benefits as caused by a "voluntary withdrawal," we believe that "failure to keep appointment" better describes DPW's reasons for the denial. *See* DPW-Manual, 55 Pa. Code §225, App. B (Reason Codes).