Alvena Jerrell, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs November 18, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*David Gates,* for petitioner.

*Mary Frances Grabowski,* Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, February 8, 1983:

Alvena Jerrell, a general assistance recipient, appeals a decision of the Pennsylvania Department of Public Welfare (DPW) affirming a hearing examiner's order which denied Ms. Jerrell emergency shelter expenses under 55 Pa. Code §289.4(2)(iii)(B).

On February 19, 1981, Ms. Jerrell informed her county assistance office (CAO) caseworker that her landlord required her to move by February 21, showed the caseworker an executed lease for another apartment, commencing February 21, 1981, and a receipt for the security deposit for that apartment and, alleging that she did not have the rent money for her new apartment, made a request for a grant for emergency shelter expenses. Because the landlord had given no written eviction notice, the caseworker, to help verify Ms. Jerrell's situation, wrote an informal eviction notice which the landlord signed on February 19. The record does not show a specific reason for that eviction; however, Ms. Jerrell alleges that her landlord's action was due to "personal difficulties" and not because of any failure to pay rent.

On February 20, the CAO sent Ms. Jerrell written notice of its denial of Ms. Jerrell's request for emergency shelter expenses. The notice, in pertinent part, stated:

Manual Section 289.4(a) B — A person is considered homeless [if] he or she is without a place to stay — Since you have already paid $175.00 for your apartment you are not considered homeless therefore this grant is denied.[1]

---

[1] At the hearing, the representative of the CAO testified that the denial was based on 55 Pa. Code §289.4(a)(2)(iii)(B), which, in pertinent part, provides:

(2) Emergency shelter expenses. Emergency shelter expenses will be authorized in accordance with the following procedures:

(iii) Total shelter costs may be authorized for ... individuals:

(B) To provide living quarters to persons who are homeless as the result of an emergency ... Payments may only be authorized provided there is evidence that the individual ... is homeless, and has, in fact, obtained or committed himself ... to new living accomodations. Necessary

On February 21, 1981, Ms. Jerrell moved to a friend's home where she stayed until she moved into her new apartment on March 4. Ms. Jerrell testified that she was unable to move into her new apartment on February 21 because she did not have enough money to pay the first month's rent. Ms. Jerrell also testified that her new apartment required extensive cleaning, that between February 21 and March 4 she spent a substantial amount of time cleaning it, and that she renegotiated her lease so that the rent was lower and the lease period began on March 1, 1981.

Ms. Jerrell contends that the basis for the hearing examiner's decision, that Ms. Jerrell did not prove that she was homeless due to an emergency, was improper because the CAO, in its February 20 written notice, did not cite failure to prove an emergency as a basis for its denial.[2]

---

documentation to substantiate the following will be required prior to authorization. Persons will be considered to be homeless when:

....

(II) the individual ... had a home immediately prior to the emergency and is temporarily staying with relatives or friends ...

(III) the individual ... is continuing to live in a dwelling but, because of the emergency, it is imminent that the individual or family will have to move from his home within 30 days.

[2] The CAO's notice was governed by 55 Pa. Code §127.24(f)(2)(i) which, in pertinent part, provided:

(2) The Form PA 162 will be completed ... in simple, nontechnical terms, sufficient in detail so that the basis for the decision is understandable to the client. If the applicant is not eligible, the explanation must include the following:

(i) The reasons for the decision, including all the facts on which the decision is based, and where appropriate, a statement of the information needed to establish eligibility if assistance was denied for this reason.

We decide that CAO's notice was adequate to show that the denial was based on a determination that Ms. Jerrell was not homeless because she had a place to stay, her new apartment. Apparently, the CAO did not believe Ms. Jerrell's contention that her new landlord would not allow her to move in before the rent was paid.

Although the hearing examiner's discussion clearly indicates that she questioned whether the evidence concerning the "eviction" was adequate to prove the requisite emergency,[3] we conclude that the hearing examiner based her decision on a determination that Ms. Jerrell could have moved into her new apartment on February 21 and therefore was not homeless. In the pertinent part of her discussion, the hearing examiner says:

> The County Assistance Office testified that their denial is based on the fact that the appellant was not homeless.... The County argues that the appellant had a place to live ... in her new apartment....
>
> ....
>
> The facts ... show the appellant paid $175 for the apartment and the effective date of the

---

(ii) A citation and brief explanation of regulations used as the basis for the decision.

The CAO used a Form PA 162 here.

We note that, pursuant to amendments in 1981, 55 Pa. Code §127.24(f) was deleted and notice regulations applicable to emergency assistance actions are now found at 55 Pa. Code §127.4(e).

[3] In the pertinent part of her discussion, the hearing examiner states:

> The facts show appellant was provided with a non-legal eviction notice three days after she signed a lease for an apartment elsewhere. The facts and testimony fail to show the *reason* for the eviction. (Emphasis by the hearing examiner.)

agreement is February 21, 1981. That the appellant chose to clean her newly leased apartment, however extensively, prior to moving in cannot be considered an "emergency." Thus, the facts show that the County Assistance Office correctly denied appellant's request....

The burden was on Ms. Jerrell to prove that she was eligible for the assistance she requested. *Dempsey v. Department of Public Welfare*, 45 Pa. Commonwealth Ct. 121, 404 A.2d 1373 (1979). The hearing examiner was free to disbelieve Ms. Jerrell's testimony. *Bootes v. Department of Public Welfare*, 64 Pa. Commonwealth Ct. 173, 439 A.2d 883 (1982).

Accordingly, we affirm.

### ORDER

Now, February 8, 1983, the final order of the Department of Public Welfare, dated June 18, 1981, is affirmed.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

The majority states that "we conclude that the hearing examiner based her decision on a determination that Ms. Jerrell could have moved into her new apartment on February 21 and therefore was not homeless." The original record, however, discloses that this necessary finding was based upon the testimony of a supervisor from the County Assistance Office who testified that Ms. Jerrell's new landlady told him that Ms. Jerrell could move in on February 21, 1981 because of the payment of a $175 security deposit even though the first month's rent had not yet been paid.

It seems to me that the record therefore clearly supports Ms. Jerrell's contention raised in her brief

that such testimony was hearsay which was properly—if not repeatedly—objected to at the hearing below.

While it may be true that the hearing examiner did not believe Ms. Jerrell's testimony that she was not permitted to move into her apartment on February 21, 1981, this testimony was not sufficient, standing alone, to establish that Ms. Jerrell actually could have moved in on this date.

This important finding by the hearing examiner, I believe, was capriciously made. I would, therefore, reverse the decision of the Pennsylvania Department of Public Welfare which affirmed the hearing examiner's decision.