517 A.2d 213

Maryann Otero, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 13, 1986, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*David A. Scholl,* for petitioner.

*John Kane,* Chief Counsel, with him, *Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, November 5, 1986:

Maryann Otero, Petitioner, appeals here the final order upon reconsideration of the Department of Public Welfare's (DPW) Office of Hearings and Appeals denying Petitioner's appeal from the denial by the North-

ampton County Assistance Office (CAO) of Petitioner's application for public assistance.

The factual background of this appeal is as follows. Petitioner was receiving public assistance under the name Maryann Bendekovitz as of December 15, 1982, when the CAO received a telephone complaint regarding Petitioner's receipt of $7,500 in life insurance benefits from the death of her son. Under subsection (b) of Section 183.64 of the Public Assistance Manual, 55 Pa. Code §183.64(b), windfalls including insurance benefits are considered lump sum income which, if in excess of the recipient's calculated standard of need,[1] will render the recipient ineligible for public assistance no later than the payment month corresponding with the budget month in which the payment was received and for future months. The total period of ineligibility is determined by dividing the lump sum payment less allowable deductions[2] by the standard of need. After subtracting from the lump sum insurance benefit the costs of burying Petitioner's son, the CAO determined that Petitioner's period of ineligibility was approximately 17.78 months. Thus, on January 17, 1983, in accordance with 55 Pa. Code §133.4(a) the CAO sent Petitioner written notice that the CAO proposed to discontinue Petitioner's public assistance benefits effective February 3, 1983 due to financial ineligibility such ineligibility to extend to April, 1984.

Petitioner did not appeal the CAO's proposed action, and on February 3, 1983, her benefits were discontinued. On October 20, 1983, Petitioner, under her married name, reapplied along with her spouse for

---

[1] *See* 55 Pa. Code §175.23.

[2] Allowable deductions from lump sum income include expenses directly related to the windfall income; *i.e.,* from lump sum death benefits, the cost to the recipient for burial and last illness. 55 Pa. Code §183.64(b)(1)(ii)(A).

public assistance. The CAO ruled Petitioner's spouse eligible for receipt of public assistance; on October 20, 1983 Petitioner's application was denied based on the prior unappealed CAO action of January 17, 1983 terminating Petitioner's benefits until April, 1984.

Petitioner appealed the CAO's denial of her October 20, 1983 application for public assistance and a fair hearing was scheculed for April 16, 1984. The hearing officer in her adjudication recognized two issues raised in the appeal: (1) whether Petitioner was erroneously underpaid benefits from February, 1983 to October, 1983, and (2) whether Petitioner's application for public assistance of October 20, 1983 was correctly denied. With regard to the first issue, Petitioner argued that an error in payment of benefits may be rectified provided the error is brought to the CAO's attention within one year. 55 Pa. Code §227.24(d)(ii)(B)(II). The alleged error was the CAO's assumption that because the proceeds from the insurance policy had been paid to Petitioner, that Petitioner was the beneficiary and, therefore, entitled to the proceeds. In fact, argued the Petitioner, while Petitioner was the owner of the policy, her mother was the beneficiary and, thus, the proceeds had been turned over to her.

The hearing officer determined that Petitioner's failure to appeal within 30 days as required by Section 275.3(b)(1) of the Public Assistance Manual, 55 Pa. Code §275.3(b)(1), the CAO's action terminating Petitioner's benefits effective February 3, 1983 dictated a result in DPW's favor with regard to the first issue. With regard to the second issue, the hearing officer stated that because she had not received verification of Petitioner's assertion that the proceeds had in fact been endorsed over to her mother, Petitioner's appeal would be denied. The Office of Hearings and Appeals affirmed the hearing officer's order.

Petitioner requested reconsideration which was granted and a second hearing was scheduled to consider specific issues, *i.e.*, the rights of the various parties to the insurance proceeds, why the insurance proceeds were paid to the owner rather than the beneficiary of the insurance policy, and the exact amount of the funeral expenses. After questioning Petitioner regarding the above issues, the hearing officer determined on remand that Petitioner's explanation of why the insurance company issued the proceeds by check payable to her was not credible and that, therefore, her appeal must be denied. The Office of Hearings and Appeals affirmed the hearing officer's decision but issued an amended order clarifying the reason for the denial of the appeal. The insurance policy, introduced into evidence by Petitioner which insured the Petitioner, also contained a children's term rider insuring Petitioner's son which had not been entered into evidence and under which Petitioner was presumed to be the beneficiary, and since Petitioner had provided no evidence to dispute this presumption, her appeal would be denied. DPW's final order denying Petitioner's request for reconsideration was issued on April 29, 1985. This appeal followed.

On appeal, Petitioner argues that the insurance proceeds were not income to the Petitioner, and that, therefore, DPW erred in applying the lump sum rule to deny her public assistance on October 20, 1983. Petitioner also argues that the grant of public assistance to which Petitioner is entitled should apply retroactively to the date she was initially deprived of public assistance, February 3, 1983, on the theory the nonpayment was a correctible error under Section 227.24(d)(ii)(B)(II) of the Public Assistance Manual, 55 Pa. Code §227.24(d)(ii)(B)(II).

DPW argues that the duty to demonstrate eligibility for public assistance is on the claimant, 55 Pa. Code

§§125.21, 133.23, 201.1, 205.3, and that Petitioner failed to demonstrate her eligibility when she failed to provide sufficient information regarding the insurance policy insuring her son's life. *See Dempsey v. Department of Public Welfare*, 45 Pa. Commonwealth Ct. 121, 404 A.2d 1373 (1979). DPW argues that without documentation to support Petitioner's position, the hearing officer and the Office of Hearings and Appeals could well disbelieve Petitioner's assertions that she was not the beneficiary of her son's insurance policy. DPW also informs this Court that it has acquired additional information which is, of course, *dehors* the record, but which, if appended to the record, would further support DPW's position.

We find it unnecessary to remand this case to DPW, as it suggests, to allow additions to the record, however, for we agree with DPW's alternative argument that Petitioner's failure to appeal the CAO's proposed action within 30 days precludes Petitioner's subsequent attempts to litigate the issue. Section 275.3(b)(1) of the Public Assistance Manual requires that a public assistance recipient exercise her right to appeal within thirty days from the date of written notice of a decision or action by a County Assistance Office. When Petitioner did not exercise her right of appeal, the CAO's decision became final, and Petitioner cannot now, by filing a new application for benefits, subsequent to the CAO's determination but prior to the expiration of the time period within which the CAO determined Petitioner would be financially ineligible, collaterally attack that final determination. For where a question of fact essential to a determination is decided by a final decision, that decision is conclusive between the parties upon a subsequent claim. *See McCarthy v. Township of McCandless*, 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973).

646

Thus, we will affirm the decision of DPW's Office of Hearings and Appeals based on our conclusion that the doctrine of collateral estoppel bars Petitioner's October 20, 1983 application for assistance. *See Hankinson v. Commonwealth, Department of Public Welfare*, 56 Pa. Commonwealth Ct. 307, 424 A.2d 625 (1980) (right result will be sustained even if wrong reasons articulated).

ORDER

AND NOW, this 5th day of November, 1986, the order of the Department of Public Welfare, Office of Hearings and Appeals in the above-captioned matter is affirmed.