588 A.2d 100

**Barbara J. SHOEMAKER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 3, 1990.

Decided March 8, 1991.

404

Michael Goldberg, with him, Roseann S. Eshbach, Lancaster, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, with her, Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BYER, Judge.

Barbara J. Shoemaker (claimant) appeals from the decision of the Unemployment Compensation Board of Review which found claimant ineligible for unemployment compensation benefits under section 401(d)(1) of the Unemployment

Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1) [1], and subject to a "fault" overpayment pursuant to section 804(a) of the act, 43 P.S. § 874(a). [2] The board concedes that its decision should be reversed, but requests us to remand so it may consider whether claimant should be found ineligible under two other sections of the act. We reverse the board's decision, and we deny the board's request for a remand.

Claimant became unemployed in February 1989. She applied for and began receiving unemployment compensation benefits. In June 1989, claimant received her real estate license. On June 27, 1989, claimant began a four-week real estate training program with Jack Gaughen Real Estate Monday through Friday from *8:30 a.m. to 1:00 p.m.* Claimant did not earn or receive any remuneration during this training course.

On July 31, 1989, claimant began working as a full-time commissioned real estate agent and informed the Bureau of Unemployment Compensation Benefits and Allowances of her position on August 11, 1989.

1. Section 401(d)(1) of the act, 43 P.S. § 801(d)(1), states:
 Compensation shall be payable to any employe who is or becomes unemployed, and who—
 (d)(1) Is able to work and available for suitable work: Provided, That no otherwise eligible claimant shall be denied benefits for any week because he is in training with the approval of the secretary nor shall such individual be denied benefits with respect to any week in which he is in training with the approval of the secretary by reason of the application of the provisions of this subsection relating to availability for work or the provisions of section 402(a) of this act relating to failure to apply for or a refusal to accept suitable work.

2. Section 804(a) of the act, 43 P.S. § 874(a), states in pertinent part:
 § 874. Recovery and recoupment of compensation
 (a) Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue ...

On August 14, 1989, the bureau determined that claimant was ineligible for unemployment compensation benefits for the weeks ending July 1, 1989 through August 5, 1989. The bureau found claimant ineligible because she was not "unemployed" under section 4(u) [3] of the act and was not "able and available for suitable work" under section 401(d)(1). The bureau also found that claimant withheld information about her association with Jack Gaughen Real Estate and therefore was subject to a "fault" overpayment under section 804(a) of the act for $1,064.00 in benefits received during this period, but to which she was not entitled.

Claimant appealed, and a hearing was held before a referee. Claimant argued that she considered herself able and available for other work during this period, and testified that she "would have been available for an evening position" because this would not interfere with her training program. (N.T., 5). Nevertheless, the referee affirmed the bureau's determination disallowing benefits based on sections 4(u) and 401(d)(1) and subjecting claimant to a fault overpayment of $1,064.00.

Claimant appealed to the board, which determined that claimant was ineligible for benefits under section 401(d)(1) and subject to the fault payment under section 804(a) of the act, but, unlike the bureau and referee, the board did not address claimant's possible eligibility under section 4(u). Claimant filed a timely appeal to this court.

▆▆▆▆ The board, in its brief in this court, concedes that claimant was not *per se* unavailable for work and was improperly denied benefits pursuant to section 401(d)(1) of the act. Claimant was not ineligible for work merely because she limited herself to employment which would not

3. Section 4(u) of the act, 43 P.S. § 753(u), defines "unemployed" as:
 An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

conflict with her attendance at training sessions. *See Kuzma v. Unemployment Compensation Board of Review,* 105 Pa.Commonwealth Ct. 189, 523 A.2d 830 (1987); *Biemesderfer v. Unemployment Compensation Board of Review,* 71 Pa.Commonwealth Ct. 576, 455 A.2d 302 (1983). Because the board concedes that claimant was able and available for employment during the period in question, and thus was denied benefits improperly, there can be no fault overpayment pursuant to section 804(a) of the act. Therefore, we must reverse the order of the board.

While acknowledging its error, the board requests a remand so that it can consider whether claimant is ineligible under sections 4(*l*)(4)(17) and 4(u) of the act, 43 P.S. §§ 753(*l*)(4)(17) and 753(u).[4] It is noteworthy that the bureau and referee both considered claimant's eligibility under section 4(u); however, the applicability of section 4(*l*)(4)(17) to this case is raised for the first time in the board's brief to this court.

Section 4(*l*)(4)(17) of the act, 43 P.S. § 753(*l*)(4)(17), states in pertinent part:

(*l*)(1) "Employment" means all personal service performed for remuneration by an individual under any contract of hire ...

\* \* \* \* \* \*

(4) The word "employment" shall not include—

\* \* \* \* \* \*

(17) *Service performed by an individual for an employer as [a] ... real estate salesman or as ... a real estate broker, ... if all such service performed by such individual for such employer is performed for remuneration solely by way of commission ....*

(emphasis added).

▆▆ We have not often expressed the standards pursuant to which we consider a request for remand to an administra-

---

4. We are puzzled by the board's citations for these sections. In both its decision and in its brief in this court, the board inexplicably cites them as sections "401,4(*l*)(4)(17)" and "401,4(u)" rather than by their proper section numbers.

tive agency. Ordinarily, remand is necessary if the agency did not afford a fair hearing or made invalid or inadequate findings of fact, in order that further administrative action could be taken necessary to fulfill the administrative process. *Begis v. Industrial Board of the Department of Labor and Industry,* 9 Pa.Commonwealth Ct. 558, 308 A.2d 643 (1973); *A.P. Weaver and Sons v. Sanitary Water Board,* 3 Pa.Commonwealth Ct. 499, 284 A.2d 515 (1971); *Pennsylvania State Athletic Commission v. Bratton,* 177 Pa.Superior Ct. 598, 112 A.2d 422 (1955).

 Because we are not permitted to make findings of fact in appeals from administrative agencies,[5] remand is required where crucial findings of fact have not been made. *Underkoffler v. State Employes' Retirement Board,* 61 Pa.Commonwealth Ct. 1, 432 A.2d 319 (1981) *citing Tyler v. Unemployment Compensation Board of Review,* 39 Pa.Commonwealth Ct. 534, 395 A.2d 1045 (1979). "Where factual issues which may be legally determinative of a claimant's eligibility for unemployment compensation benefits are not addressed by the Board, it is not possible for this Court to perform its function of appellate review. It is thus necessary to remand to the Board to make the necessary findings of fact." *Levan v. Unemployment Compensation Board of Review,* 91 Pa.Commonweawlth Ct. 507, 512, 498 A.2d 987 (1985). However, that is not this case.

 Here, the board requests we remand so that it can examine another legal theory which was not previously introduced for its consideration. Although we could theoretically accommodate the board, remand in this case would serve no purpose. The board already has made all essential findings of fact. Because these findings clearly are sufficient to enable us to rule upon the question presented, we decline to remand for further board proceedings. In short,

5. In an unemployment compensation case, the board is the ultimate fact finder. Section 504 of the act, 43 P.S. § 824; *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977); *Unemployment Compensation Board of Review v. Wright,* 21 Pa.Commonwealth Ct. 637, 347 A.2d 328 (1975).

we hold that if we are able to apply the law to facts already determined by the board, we will not remand.

The board made the following findings relevant to the applicability of section 4(*l*)(4)(17):

2. On June 27, 1989, the claimant was issued a license to sell real estate from the Commonwealth of Pennsylvania.

3. Following the issuance of her real estate license, the claimant became employed by Jack Gaughen Realtor.

7. *In this employment, the claimant is paid solely by commission.*

(emphasis added).

Applying section 4(*l*)(4)(17) of the act to the board's findings of fact, we conclude that claimant's employment was "performed for remuneration solely by way of commission...." Even if claimant was "employed" within the meaning of section 4(u), the facts show that she was a real estate salesperson working solely on commission and is, therefore still eligible for unemployment compensation benefits pursuant to section 4(*l*)(4)(17) of the act. Because claimant's employment status can be established relying solely upon findings made by the board, no remand is necessary, and we hold that claimant was unemployed and entitled to benefits.

Therefore, we reverse the order of the Unemployment Compensation Board of Review.

### ORDER

The order of the Unemployment Compensation Board of Review is reversed.