616 A.2d 746

**GERIATRIC & MEDICAL SERVICES, INC., d/b/a Silver Stream Nursing Home, on its own Behalf and on Behalf of Resident, Josephine Miller, Petitioners,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Oct. 21, 1992.

210

Charles O. Barto, Jr., for petitioners.
Mary C. Walsh, Asst. Counsel, for respondent.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Geriatric and Medical Services, Inc., d/b/a Silver Stream Nursing Home (Silver Stream), on its own behalf and on behalf of its resident Josephine Miller, petitions for review of the order of the Secretary of the Department of Public Welfare (DPW) which affirmed the order of the Office of Hearings and Appeals (OHA) denying Miller's eligibility for medical assistance benefits to pay for her care at the nursing home. The issues raised for review are whether DPW's decision is consistent with medical assistance provisions of the Social Security Act, 42 U.S.C. §§ 1396–1396p; whether Silver Stream has waived the issue of Miller's alleged undue hardship by failing to raise it below; and if not, whether DPW failed to consider the issue of Miller's alleged undue hardship.

Miller is an elderly woman who lived with her daughter, Durelle Stevens, for a period of approximately twelve years. During that time, Miller received social security and pension benefits which were deposited into a joint savings account titled in the names of Josephine A. Miller or Durelle M. Stevens. Although Miller was determined to be the sole owner of the account, Stevens had total control over all withdrawals. Due to Miller's deteriorating physical condition, she was placed at Silver Stream by Protective Services of the Montgomery County Office of Aging and Adult Services (MCOAAS) on October 14, 1990.

An application for medical assistance benefits was processed on Miller's behalf on September 21, 1990 through the County Assistance Office (CAO) which determined that during the thirty-month period prior to the application, Stevens withdrew approximately $28,000 from the joint savings account, including several large withdrawals. During the period from July 3, 1990 through August 31, 1990, Stevens withdrew approximately $4000 from the account. These withdrawals depleted Miller's savings to a little over $800 as of August 31, 1990.

The CAO caseworker evaluating the monthly transactions, believing the large withdrawals to be improper, concluded that there was unusual activity in the account and requested that Stevens provide verification to substantiate that Miller received fair consideration for these funds. The only receipt which Miller or Stevens could produce with respect to the withdrawals was for a health insurance payment in the amount of $208.20. The CAO rejected Miller's application for benefits on the basis that during the thirty-month period immediately preceding her application, more than $500 were transferred to Stevens without Miller having received fair consideration for the transfer. The hearing examiner denied Miller's appeal, and the OHA affirmed the hearing examiner. MCOAAS then requested and received reconsideration from the Secretary of DPW who affirmed the OHA. Silver Stream then petitioned this Court for review.

■ This Court's scope of review of a DPW adjudication is limited to a consideration of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Nelson v. Department of Public Welfare*, 103 Pa.Commonwealth Ct. 21, 519 A.2d 1062 (1986). The hearing examiner is the ultimate factfinder in these matters, and must resolve conflicts in testimony and may reject the testimony of any witness. *Ross v. Department of Public Welfare*, 60 Pa.Commonwealth Ct. 403, 431 A.2d 1135 (1981); *Palmer v. Department of Public Welfare*, 5 Pa.Commonwealth Ct. 407, 291 A.2d 313 (1972).

■ Both parties agree that Miller's eligibility for medical assistance benefits is controlled by the Social Security Act and that the state plan for medical assistance is in compliance with federal requirements.[1] Under the plan adopted by Pennsylvania, an applicant for medical assistance benefits who, within

1. The medical assistance program is a cooperative state-federal program which requires participating states to comply with federal law applicable to the program. *Montgomery County Geriatric & Rehabilitation Center v. Department of Public Welfare*, 75 Pa.Commonwealth Ct. 248, 462 A.2d 325 (1983).

the requisite period preceding the date of application, has transferred real or personal property having a value of $500 or more without receiving fair consideration, is presumed to have disposed of the property with the intention of qualifying for medical assistance. *See* 55 Pa.Code §§ 178.171–178.172. It then becomes the applicant's burden to present the required verification and convincing evidence that the resource was transferred solely for some purpose other than to qualify for medical assistance. Section 3 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 1404; 55 Pa.Code § 178.172; *Groblewski v. Department of Public Welfare,* 108 Pa.Commonwealth Ct. 102, 528 A.2d 1084 (1987). In the matter sub judice, the CAO, the hearing examiner, and the OHA determined that the presumption applied and that Miller did not meet her burden of rebutting this presumption. Silver Stream does not dispute these findings.

Of particular concern, however, is 42 U.S.C. § 1396p(c) which was added by amendment to the Social Security Act in 1988:[2]

**(c) Taking into account certain transfers of assets**

(1) In order to meet the requirements of this subsection . . . the State plan must provide for a period of ineligibility for nursing facility services . . . in the case of an institutionalized individual . . . who, or whose spouse, at any time during or after the 30–month period immediately before the date the individual becomes an institutionalized individual . . . or . . . the date the individual applies for such assistance while an institutionalized individual disposed of resources for less than fair market value. The period of ineligibility shall begin with the month in which such resources were transferred and the number of months in such period shall be equal to the lessor of—

(A) 30 months, . . . .

.    .    .    .    .

**2.** The requirements of 42 U.S.C. § 1396p(c) have been recognized and adopted by DPW. *See Income Maintenance Bulletin,* No. 178–90–01, effective January 4, 1991, modifying 55 Pa.Code § 178.171.

(2) An individual shall not be ineligible for medical assistance by reason of paragraph (1) to the extent that—

. . . . .

(C) a satisfactory showing is made to the State . . . that (i) the individual intended to dispose of the resources either at fair market value, or for other valuable consideration, or (ii) the resources were transferred exclusively for a purpose other than to qualify for medical assistance; or

(D) the State determines that denial of eligibility would work an undue hardship.

. . . . .

(4) A State . . . may not provide for any period of ineligibility for an individual due to transfer of resources for less than fair market value except in accordance with this subsection.

Silver Stream argues that DPW improperly failed to consider the undue hardship which any denial of eligibility would cause to Miller as required by 42 U.S.C. § 1396p(c)(2)(D).

In applying provisions of the Social Security Act, this Court is mindful that the Act is to "be accorded a liberal application in consonance with its remedial and humanitarian aims." *Eisenhauer v. Mathews*, 535 F.2d 681, 686 (2d Cir.1976); *Montgomery County Geriatric & Rehabilitation Center v. Department of Public Welfare*, 75 Pa.Commonwealth Ct. 248, 462 A.2d 325 (1983). Moreover, the liberal construction of the Act dictates that it should be construed in favor of the claimant if any basis exists which supports granting relief. *Campbell v. Califano*, 483 F.Supp. 1306 (E.D.Pa.1980). Further, any real ambiguities in the meaning of the Act should generally be decided in favor of the claimant. *Sweeney v. Secretary of Health, Education & Welfare*, 379 F.Supp. 1098 (E.D. N.Y. 1974).

In the present matter, considerable evidence was presented at hearing regarding Miller's deteriorating physical and mental condition. In addition, it was made clear that Miller was to be evicted from the nursing home if medical assistance was

not forthcoming. Under such circumstances, the factfinder in an administrative proceeding must set forth all findings necessary to resolve the issues raised by the evidence which are relevant to the decision. *Reed v. Unemployment Compensation Board of Review,* 104 Pa.Commonwealth Ct. 373, 522 A.2d 121 (1987). Further, a remand is required where crucial findings of fact have not been made. *Shoemaker v. Unemployment Compensation Board of Review,* 138 Pa.Commonwealth Ct. 403, 588 A.2d 100 (1991). In view of the humanitarian purposes underlying the Social Security Act and the requirement that participating states comply with federal law, a finding on the issue of undue hardship is mandated as a precondition for determining eligibility under the Act.

■ DPW nevertheless asserts that Silver Stream waived the issue because it was raised for the first time in the request for reconsideration to DPW. However, although a party may not raise on appeal any question which was not raised before the administrative tribunal from which the appeal was taken, *Farrell Area School Dist. v. Deiger,* 88 Pa.Commonwealth Ct. 431, 490 A.2d 474 (1985), this Court is satisfied that the record is sufficient to demonstrate that the issue was indeed raised at hearing in the nature of testimony regarding Miller's condition, lack of resources, and forthcoming eviction from the nursing home. Accordingly, DPW's order is vacated, and this case is remanded for the sole purpose of making findings on the issue of whether denial of medical assistance eligibility would work an undue hardship upon Miller and entry of a new decision consistent with those findings.

## ORDER

AND NOW, this 21st day of October, 1992, the order of the Secretary of the Department of Public Welfare dated May 8, 1991 is vacated and this case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.