**Theresa M. BREITKREUTZ, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 13, 1997.

Decided Sept. 4, 1997.

Theresa M. Breitkreutz, petitioner, for herself.

P. Amber Jones, Harrisburg, for respondent.

Before PELLEGRINI and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

LEADBETTER, Judge.

Theresa M. Breitkreutz (petitioner), on behalf of her deceased mother Mary Hayduchak, petitions for review of the November 20, 1996, final order of the Department of Public Welfare (DPW) upholding the denial of medical assistance/nursing home care benefits (MA). At issue is whether there is substantial evidence to support DPW's determina-

tion that Mrs. Hayduchak failed to rebut the presumption that the transfers of three (3) certificates of deposit (CDs) to her daughters for less than fair and adequate consideration were made for the prohibited purpose of qualifying for MA. We affirm.

On June 17, 1994, petitioner, acting as her mother's representative, applied for MA which the Lawrence County Assistance Office (CAO) denied. Petitioner appealed, and on January 24, 1995, a hearing was conducted at the Office of Hearings and Appeals (OHA) at which two (2) DPW representatives and petitioner testified.

In affirming CAO's determination, the hearing officer made the following relevant findings of fact. CAO determined that Mrs. Hayduchak was ineligible for MA after discovering that Mrs. Hayduchak had three (3) CDs, which she owned jointly with each of her three (3) daughters, totaling approximately $30,000.00. Prior to filing the application, all three daughters cashed their CDs,[1] and at about the same time, $4,000.00 was removed from a savings account which Mrs. Hayduchak held jointly with one of her daughters. Based upon the uncompensated value of these resources, CAO calculated that

Mrs. Hayduchak would be ineligible for MA for 9.4 months.[2] As such, CAO rejected the application on September 13, 1994, explaining that it presumed that the transfers of the CDs were made to reduce Mrs. Hayduchak's assets in order to enable her to qualify for MA.

Mrs. Hayduchak was afforded an opportunity to rebut the presumption. However, upon reviewing her statement and a letter of rebuttal from her daughter, both indicating Mrs. Hayduchak's intention fifteen (15) years ago to give the CDs to her daughters, the Executive Director of CAO concluded that the rebuttal was unsuccessful and affirmed the denial of MA on September 23, 1994.

On February 29, 1996, the hearing officer upheld CAO's denial after determining, based on the evidence submitted, that petitioner failed to rebut the presumption that Mrs. Hayduchak transferred the CDs in order to gain eligibility for MA.[3] The Director of OHA affirmed the hearing officer's decision on February 29, 1996. On March 21, 1996, DPW granted petitioner's application for reconsideration and upheld OHA's order on November 20, 1996.[4] This appeal followed.[5]

---

1. In fact, the CDs were cashed on June 13, 1994, just four (4) days prior to filing the application. (N.T. at 35.)

2. MA benefits are available to an applicant only if the total available resources do not exceed the applicable MA resource limit for the particular MA program. 55 Pa.Code §§ 178.1(a), 178.4(a) Appendix A. In the instant case the applicable resource limit is $2,400.00. See 55 Pa.Code § 178.1(a) Appendix A.

 Such resources include "[r]eal or personal property which a person has or can make available for partial or total support, including equitable interests and partial interests." 55 Pa.Code § 178.2. In determining whether a resource is available for purposes of the MA resource limit, all resources are counted unless specifically excluded by the regulations. 55 Pa.Code § 178.1(b). A resource is legally available if there is proof of ownership and if there is a right and ability to use or dispose of the resource. 55 Pa.Code § 178.4.

 Further, a real or personal property resource, in which ownership is shared by an applicant and a nonapplicant, is presumed available if the applicant "has a separate legal interest which

can be disposed of without the consent of the other owners." 55 Pa.Code § 178.4(e)(3).

3. In reaching this conclusion, the hearing officer relied on the following: (1) Mrs. Hayduchak's name was on all three (3) CDs along with her daughters' names; (2) Mrs. Hayduchak received all of the interest from the CDs; (3) in addition to the CDs, $4,000.00 was taken from Mrs. Hayduchak's savings account; and (4) Mrs. Hayduchak's only witness was petitioner, an interested party.

4. In rendering her decision, the Secretary of DPW noted (1) that she is not empowered to reverse the factual findings of the hearing officer, (2) that the CDs were in Mrs. Hayduchak's name along with her daughters' names, and (3) Mrs. Hayduchak had access to the value of the CDs at the time she applied for MA.

5. Our scope of review requires that we determine whether DPW's adjudication comports with the applicable law, whether its findings are supported by substantial evidence and whether any constitutional rights were violated. *Williamson v. Department of Public Welfare*, 166 Pa.Cmwlth. 79, 646 A.2d 38, 39 (1994).

■ Petitioner first contends that DPW erred in determining that Mrs. Hayduchak was ineligible for MA based on the presumption that she gave money away in order to gain eligibility. Specifically, she asserts that her affidavit rebutted the hearing officer's presumption by clearly stating her mother's fifteen (15) year intention to grant complete ownership of the CDs to her daughters as unencumbered gifts. Petitioner further argues that DPW's conclusion was in error because DPW did not present evidence to rebut petitioner's testimony.

Section 1404(a) of the Public Welfare Code (Code), Act of June 14, 1967, P.L. 31 *as amended*, 62 P.S. § 1404(a), provides that any medical assistance applicant who has transferred property within the two years immediately preceding the application, "must disclose the nature of the transfer and must demonstrate that it involves, a bona fide arm's length transaction resulting in compensation paid to the transferor in an amount equal to or greater than the fair market value of the property as determined by the department." 62 P.S. § 1404(a); *See Williamson v. Department of Public Welfare*, 166 Pa.Cmwlth. 79, 646 A.2d 38, 39 (1994); *Groblewski v. Department of Public Welfare*, 108 Pa.Cmwlth. 102, 528 A.2d 1084, 1086 (1987).[6]

Further, 55 Pa.Code § 178.101 creates a rebuttable presumption that transfers for less than fair market value (FMV) within 30 months of filing an application are made for the purpose of qualifying for MA. The onus is on the applicant, and not DPW, to rebut this presumption. *Williamson*, 646 A.2d at 41, 55 Pa.Code § 178.102. Convincing rebuttal evidence includes: (1) the purpose of transferring the resource; (2) attempts to dispose of the resource at its fair market value (FMV); (3) reasons for accepting less than FMV for the resource; (4) applicant's means of, or plans for, self-support after the transfer; and (5) applicant's relationship to the person to whom the resource was transferred. 55 Pa. Code § 178.102(c). The presumption is re-

butted only if the applicant proves that the transfer was solely for some purpose other than to qualify for MA. 55 Pa.Code § 178.102(d). Either the Executive Director of CAO or a delegate makes the determination of whether the presumption has been successfully rebutted. 55 Pa.Code § 178.102(e).

We conclude that substantial evidence exists to support the hearing officer's finding that the presumption was not successfully rebutted in this case.

■ First, it must be noted that although the CDs had been in joint names for a number of years, the relevant transfer is when they were cashed in, four days before the application for benefits. Section 6303(a) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §§ 6301–6306, establishes the presumption that during the lifetime of parties to a joint account, such an account belongs to the party or parties who contributed the funds. Here, the money used to establish the CDs came solely from Mrs. Hayduchak. (N.T. at 26–30.) Thus, the CDs must be deemed to have been owned solely by Mrs. Hayduchak unless the statutory presumption is overcome by clear and convincing evidence of an inter vivos gift. As the Superior Court has noted:

Two elements must be shown in order to establish a valid inter vivos gift. First, there must be an intention to make an immediate gift. Second, there must be actual or constructive delivery to the donee such as will divest the donor of dominion and control of the subject matter of the gift.

*Lessner v. Rubinson*, 382 Pa. Superior Ct. 306, 310, 555 A.2d 193, 197 (1989), *aff'd* 527 Pa. 393, 592 A.2d 678 (1991).

■ Petitioner contends that the hearing officer erred by rejecting her uncontradicted testimony concerning her mother's longstanding intention to make a gift of the CDs, because of her interest in the outcome

6. This 24 month "look-back" period was increased to 30 months for transfers made between January 4, 1991, and July 29, 1994. *See* 55 Pa.Code § 178.101(d).

of the application. The hearing officer is the ultimate fact-finder in these matters, and must resolve conflicts in the testimony and may reject the testimony of any witness. *Geriatric & Medical Servs., Inc. v. Department of Public Welfare,* 151 Pa.Cmwlth. 209, 616 A.2d 746, 747 (1992). Certainly, a witness' interest may bear upon her credibility and may properly be considered in this regard. Moreover, even if the hearing officer had found donative intent, the second element could not be established. Mrs. Hayduchak received all of the interest from the CDs. (N.T. at 38.) All of the CDs were in Mrs. Hayduchak's name along with her daughters' names and contained only Mrs. Hayduchak's social security number. (N.T. at 41.) Because the CDs remained within Mrs. Hayduchak's dominion and control, even though they were in joint names, they remained her sole property until they were cashed in by her daughters. When they did so, it amounted to a transfer within the meaning of § 1404(a).

Moreover, the CDs were cashed in just four (4) days prior to the filing of the application for MA (N.T. at 35), and after Mrs. Hayduchak was admitted to the nursing home. At about the same time, $4,000.00 was withdrawn from Mrs. Hayduchak's savings account. (N.T. at 6.) Since all of this evidence suggests that the cashing in of the CDs constituted a transfer of available resources for the purpose of qualifying for MA, DPW's determination that petitioner failed to rebut the presumption of ineligibility was not erroneous.

Accordingly, we affirm the order of the Secretary.

### ORDER

**AND NOW,** this day of 4th day of September, 1997, the order of the Pennsylvania Department of Public Welfare, dated November 20, 1996, is hereby affirmed.

