Timothy DENNIS, Petitioner,

v.

**DEPARTMENT OF PUBLIC WELFARE; Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 30, 1998.

Decided May 11, 1999.

---

Timothy Dennis, pro se, petitioner.

James C. Conley, Pittsburgh, for respondent.

Before FLAHERTY, J.,
LEADBETTER, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue on appeal is whether Timothy Dennis (Petitioner) was physically and/or mentally unable to gather the information requested by the Northampton County Assistance Office (NCAO) in order to verify his eligibility for medical assistance under the Public Welfare Code (Code).[1] Because this issue was not addressed by the Department of Public Welfare (DPW), the DPW's decision is vacated and the case remanded.

On April 26, 1996, Petitioner applied for medical assistance in order to obtain help in paying for hospitalization, chemotherapy, and surgery due to cancer. On that date, the NCAO gave Petitioner a list of approximately eight items of documentation that he was required to provide in order for them to verify his eligibility for assistance. As of May 29, 1996, Petitioner had not provided any documentation. Thus, on that date, the NCAO notified Petitioner that his application for assistance was denied due to his failure to provide the verifying documentation. Petitioner filed a timely appeal, and a hearing was held before a DPW hearing officer on October 10, 1996.

By the hearing date, Petitioner, with the help of another person, had provided most of the required documentation but still had not provided documentation on the following items: (1) income earned over a week-and-a-half period in January 1996, prior to becoming ill; (2) the value of a boat, claimed by Petitioner to be of no value due to a broken motor and a hole in the hull; and (3) the value of a bank account. At the hearing, Petitioner and an NCAO caseworker, Ms. Shavone, testified as follows:

Hearing officer: Tell me what you're disagreeing with.

Appellant: I was not able to provide the documentation [requested by the NCAO] because I wasn't physically able to do it. Finally I got somebody else to do the documentation and supposedly there's three things still missing that I wasn't aware of.... Well, I've been sick for a long time, ma'am. And I'm going to go back in for it again in another two weeks.

Hearing officer: Okay. Okay, is there anything else before I close the hearing?

Appellant: I'd like the opportunity to get whatever [documents] they want.... The bank statement was not included in that package that was sent [i.e., the documentation received by the NCAO on October 10, 1996]?

1. Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §§ 101–1503.

Ms. Shavone: No, it was not.

Appellant: Okay, that was available. It should have been included. The value of the boat as we discussed, you asked for something from the person that I gave it to but I don't know who that person is because somebody from Connecticut called. There would be no statement there. I gave you oral testimony that there was no value to [the boat] so was that sufficient or did you want me to write that down?

Ms. Shavone: Well, I had on your application that it was a boat and that it had value. That was all, I was not aware that it was in Connecticut or that it was given away.

Appellant: ... And the income statement I was not aware of. What were you looking for? What income statement?.... There was no income then. It was a week and a half before I got sick and that was it.... Are you under the impression that I was working or....

Ms. Shavone: We didn't know. We didn't hear from you.

Appellant: I was under chemotherapy for seven months there after the surgery and that's why I've been unable to do anything for eight months....

The DPW hearing officer subsequently determined that the NCAO properly denied Petitioner's request for medical assistance because of Petitioner's failure to provide all necessary documentation.

■ On appeal,[2] Petitioner argues that the NCAO caseworker should have assisted him in assembling the required documentation because his physical condition rendered him unable to do so on his own and, had he been helped, he could have provided the documentation.

■ The duty to demonstrate eligibility for assistance is generally on the appli-

cant. *Dempsey v. Department of Public Welfare,* 45 Pa.Cmwlth. 121, 404 A.2d 1373 (1979). The applicant also bears the burden to provide verification of eligibility. *Baker v. Department of Public Welfare,* 38 Pa.Cmwlth. 478, 393 A.2d 1064 (1978).

The policy and procedures for verification of eligibility are set forth in 55 Pa. Code §§ 201.1 and 205.3. Section 201.1 states that it is generally the applicant's responsibility to establish eligibility *to the extent that he or she is able,* but that assistance will be provided if necessary:

(1) The client will be the primary source of information in establishing eligibility for financial assistance. As a condition of eligibility the client will be required, to the extent that he is able, to substantiate the information he has provided by documentary evidence or other means as may serve to establish the truth of his statements.

(2) The worker should keep in mind that, because of age, physical or mental disabilities, language difficulties, and other factors, individuals will have differing capacities for assisting with the establishment of eligibility. The client will always be informed that the help of the worker will be available to him to the extent that it is needed at any point.

Section 205.3 provides guidelines to help determine when a caseworker should assist an applicant who is incapable of collecting all of the necessary documentation:

(3) The decision to use a source [of verification] other than the client will normally be made when the worker is confronted with any of the following situations:

(i) The client has made every reasonable attempt to obtain the facts, but without success.

*Geriatric & Medical Services, Inc. v. Department of Public Welfare,* 151 Pa.Cmwlth. 209, 616 A.2d 746 (1992).

---

**2.** Our review is limited to determining whether constitutional rights were violated or errors of law committed and whether findings of fact are supported by substantial evidence.

\* \* \* \*

(iv) It is known that the required facts cannot be obtained directly by the client.

In this case, the transcript of the October 10, 1996 hearing, the relevant portions of which are reproduced above, indicates that an issue existed concerning whether Petitioner was capable of assembling the required documentation. Petitioner testified that he had undergone surgery and seven months of chemotherapy and "wasn't physically able" to collect all of the documentation, although he was eventually able, with assistance, to collect most of the documentation. The NCAO caseworker did not contradict Petitioner's contention.

 We believe that, in light of 55 Pa. Code §§ 201.1 and 205.3 and the testimony provided by Petitioner, the hearing officer should have addressed the issue of whether Petitioner required the NCAO's assistance in assembling the required documentation. *See, e.g., Popowsky v. Public Utility Commission,* 683 A.2d 958 (Pa. Cmwlth.1996) (fact-finder is required to include findings necessary to resolve issues raised by the evidence and relevant to the decision.).

Also, we note that the DPW stated in its brief that there is no law or regulation preventing Petitioner from simply resubmitting his claim for assistance to the NCAO. The hearing officer, on remand, may also consider efficiently resolving this case by simply permitting Petitioner to provide the missing documentation to the NCAO.

Accordingly, the order of the DPW is vacated and this case is remanded for the purpose of making findings on whether Petitioner required the NCAO's assistance in assembling the required documentation or, alternatively, permitting Petitioner to provide the remaining documentation to the NCAO.

### *ORDER*

AND NOW, this 11th day of May, 1999, after reconsideration pursuant to our Order of February 11, 1999, which vacated the December 4, 1998 Opinion and Order in the above-captioned case, the December 4, 1998 Opinion and Order are hereby REINSTATED.

The order of the Department of Public Welfare in the above-captioned matter is hereby vacated and the case is remanded for findings consistent with the foregoing opinion.

Jurisdiction relinquished.